**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**ARTURO MIRANDA, et al.,** :
:
    **Plaintiffs,** :
:
**v.** : Civil Action No.
: 7:06-CV-92 (HL)
**GUMARO MARTINEZ, et al.,** :
:
    **Defendants.** :
:
:

# ORDER

Before the Court is Plaintiffs' Motion to Amend (Doc. 26), Plaintiffs' Amended Motion to Amend Complaint (Doc. 31), Defendant Nationwide Property and Casualty Insurance Company's ("Nationwide") Motion for Default Declaratory Judgment (Doc. 32) and a Proposed Scheduling and Discovery Order submitted by Plaintiffs, Defendant Sweet Dixie Melon Company ("Sweet Dixie"), Defendant Parrish Farms, Inc. ("Parrish Farms"), and Defendant Nationwide. For the reasons explained herein, Plaintiffs' Motion to Amend and Plaintiffs' Amended Motion to Amend Complaint are granted, and Defendants Martinez and Nationwide are dismissed from Plaintiffs' action without prejudice. Defendant Nationwide's Motion for Default Declaratory Judgment is denied and Plaintiffs are directed, within ten days of the date this Order appears on the docket, to either submit a Proposed Scheduling and Discovery Order developed with the participation of all parties in the action or begin the process of obtaining a Default Judgement against any non-cooperating parties.

## I. FACTS

A. Plaintiffs' Claims

Plaintiffs Arturo Miranda, Antonio Silvestre, Magdaleno Tapia Reyes, Erasmo Martinez, Abel H. Hernandez, and Pedro H. Hernandez filed suit against Defendants Gumaro Martinez, Jose Rodriquez, Martha Maldonado, Nationwide, Sweet Dixie, and Parrish Farms on September 8, 2006, for injuries sustained in a motor vehicle accident. Defendants Sweet Dixie and Parrish Farms answered the Complaint on October 2, 2006, and Defendant Nationwide answered the Complaint on October 17, 2006.

On January 24, 2007, the Court issued an Order requiring Plaintiffs to show cause why Defendants Martinez and Rodriquez had not been properly served. In response, Plaintiffs filed a Motion to Amend on February 2, 2007. Plaintiffs inform the Court that in addition to Defendants Martinez and Rodriquez, Defendant Maldonado has also not been properly served and ask the Court for an Order authorizing the dismissal of Defendants Martinez, Rodriquez, and Maldonado without prejudice. Plaintiffs also ask the Court to dismiss Defendant Nationwide without prejudice. According to Plaintiffs, under Georgia law, continuing the action against Defendant Nationwide would be improper without first obtaining a valid judgment against the alleged insured.

On February 12, 2007, Plaintiffs filed an Amended Motion to Amend Complaint informing the Court that returns of service for Defendant Rodriquez and Maldonado had been located. As a result, Plaintiffs amend their previous request and ask the Court to dismiss only

Defendants Martinez and Nationwide. To date, Defendants Rodriques and Maldonado have not answered the Complaint and Plaintiffs have not moved for an entry of default or default judgment.

B. Defendant Nationwide's Claim

In addition to filing its Answer to Plaintiffs' original claims on October 17, 2006, Defendant Nationwide also filed a counterclaim against Plaintiffs and a cross-claim against Defendants Martinez, Rodriquez, Maldonado, Sweet Dixie, and Parrish Farms for declaratory judgment. On October 27, 2006, Defendant Nationwide also filed a Third-Party Complaint against Ismael Mendez Lopez for declaratory judgment. Defendants Sweet Dixie and Parrish Farms answered Defendant Nationwide's cross-claim on November 6, 2006. On February 14, 2007, Defendant Nationwide filed a Motion for Default Declaratory Judgment "as to those parties to the lawsuit who have not filed any responsive pleadings and who are in default." (Def. Nationwide's Mot. for Default Declaratory J. 4.)

**II. ANALYSIS**

A. Plaintiffs' Motion to Amend and Amended Motion to Amend Complaint

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading without a court order at any time before a responsive pleading is served. Fed. R. Civ. Pro. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id. Here, Plaintiffs ask the Court for permission to amend their Complaint to dismiss Defendant Martinez for lack of proper service and Defendant Nationwide because

3

it is not a proper party. For good cause shown, Plaintiffs' Motion to Amend and Plaintiffs' Amended Motion to Amend are granted. Defendant Martinez and Defendant Nationwide are hereby dismissed from Plaintiffs' cause of action without prejudice.

B. Defendant Nationwide's Motion for Default Declaratory Judgment

Obtaining a Default Judgment is a two step process. Fed. R. Civ. Pro 55. Rule 55 of the Federal Rules of Civil Procedure provides that default should first be entered by the clerk, and then judgment by default may be entered by the court when the plaintiff's claim against the defendant is not for a sum certain. Id. A party may obtain an entry of default against a party that "has failed to plead or otherwise defend" if "that fact is made to appear by affidavit or otherwise." Id.

Here, Defendant Nationwide has asked the Court to enter default judgment "as to those parties to the lawsuit who have not filed any responsive pleadings and who are in default." A review of the docket shows that the clerk has yet to enter any party's default. Therefore, the Court is currently without the power to declare a Default Judgment against any party in this case. Moreover, Defendant Nationwide's Motion for Default Declaratory Judgment cannot be construed as a request for entry of default against any party as Defendant Nationwide failed to submit an affidavit or otherwise identify the parties it believes to be in default. Accordingly, Defendant Nationwide's Motion for Default Declaratory Judgment is denied.

C. Proposed Scheduling and Discovery Order

When a case has been properly joined, the Court issues an Order directing the parties to file a Proposed Scheduling and Discovery Order in accordance with Rule 16 and Rule 26 of the Federal Rules of Civil Procedure. The Court requires all parties to confer, develop a discovery plan, and submit a report to the Court for review. In this case, the Court has yet to issue an Order directing the parties to file a Proposed Scheduling and Discovery Order as Defendants Rodriquez and Maldonado have not filed an Answer to the Complaint and are not the subject of a Motion for Entry of Default.

Nevertheless, Plaintiffs and Defendants Nationwide, Sweet Dixie, and Parrish Farms have submitted a Proposed Scheduling and Discovery Order for the Court's review. At present, the Court is unable to accept the proposed scheduling and discovery plan as all parties to the action were not consulted. Therefore, within ten days of the date this Order appears on the docket, Plaintiffs are directed to either submit a proposed scheduling and discovery order developed with the participation of all parties in the action or begin the process of obtaining a Default Judgement against any non-cooperating parties.

**III. CONCLUSION**

For the reasons explained above, Plaintiffs' Motion to Amend and Plaintiffs' Amended Motion to Amend Complaint are granted; Defendants Martinez and Nationwide are dismissed from Plaintiffs' cause of action without prejudice; Defendant Nationwide's Motion for Default Declaratory Judgment is denied; and Plaintiffs are directed to, within ten days of the date this Order appears on the docket, either submit a proposed scheduling and discovery order developed with the participation of all parties in the action or begin the

process of obtaining a Default Judgment against any non-cooperating parties.

**SO ORDERED**, this the 22nd day of May, 2007.

                                             **/s/ Hugh Lawson**
                                             **HUGH LAWSON, Judge**

scs