IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ARTURO MIRANDA, et al.,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | **Civil Action No.** |
| : | **7:06-CV-92(HL)** |
| **SWEET DIXIE MELON COMPANY, et al.,** : | |
| : | |
| Defendants. : | |

# ORDER

This matter is before the Court on Defendants Sweet Dixie Melon Company and Parrish Farms, Inc.'s Motion for Summary Judgment (Doc. 65). In opposing summary judgment, Plaintiffs have attached the sworn statement of Juan Marin, the alleged farm labor contractor for Sweet Dixie. Marin's sworn statement is in essence a hybrid between an affidavit and a deposition. Similar to a deposition, it is in question and answer format; however, Marin's statement was taken without notice to the Defendants. In this respect, Marin's statement is similar to an affidavit. Marin speaks Spanish, and little, if any, English. Mercedes Mendoza, an employee at the law firm of Plaintiffs' counsel, served as the interpreter for Marin's interrogation. Defendants object to the Court considering this statement in ruling on its Motion for Summary Judgment because Marin's statement was taken without notice to the

1

Defendants, Plaintiffs used an interpreter employed directly by Plaintiffs' counsel, and there is no certification from the interpreter that the translation is accurate.

Courts confronted with sworn statements similar to the one involved in this case have recognized that such statements can be considered in ruling on a motion for summary judgment. See e.g., Curnow v. Ridgecrest Police, 952 F.2d 321, 323-24 (9th Cir. 1991); Duffee By and Through Thornton v. Murray Ohio Mfg. Co., 160 F.R.D. 602, 604 (D. Kan. 1995). Courts have reasoned that the statements should be considered because they are similar to an affidavit. See Curnow, 952 F.2d at 324; Duffee By and Through Thornton, 160 F.R.D. at 604.

In this case, this Court has little difficulty concluding that it is not precluded from considering Marin's statement based solely on the fact that his statement was taken without notice to Defendants.[1] A more difficult issue is whether the Court should strike the statement based on the use of an interpreter employed directly by Plaintiff's counsel and the absence of a certification that the translation is accurate.

The prevailing view is that a translated affidavit submitted at the summary judgment stage must be properly authenticated and shown to be an accurate translation by a qualified interpreter. See Jack v. Trans World Airlines, Inc., 854 F. Supp. 654, 659 (N.D. Cal. 1994); see also Xavier v. Belfor USA Group, Inc., 2008

---

[1]This determination does not mean that this Court necessarily approves of the conduct of Plaintiffs' counsel. Although it may not have been required to do so, as a professional courtesy Plaintiffs' counsel should have provided notice to Defendants' counsel of Marin's interrogation. Had Plaintiffs' counsel provided such notice, this Order would likely not have been necessary.

WL 4862533, at *2-*3 (E.D. La. Sept. 30, 2008); Diaz v. Carballo, 3:05-cv-2084-G, 2007 WL 2984663, at *4 (N.D. Tex. Oct. 12, 2007); Trapaga v. Central States Joint Bd. Local 10, No. 05-C-5742, 2007 WL 1017855, at *7 (N.D. Ill. Mar. 30, 2007). A different rule applies where an interpreter is used to translate at a witness's deposition. For depositions, the interpreter need only be sworn. See United States v. Kramer, 741 F. Supp. 893, 894 (S.D. Fla. 1990). There is apparently no requirement that a deposition contain a statement on the record of the interpreter's qualifications or a separate certification from the interpreter that the translation is accurate.

In discussing the requirements for translated affidavits, courts have cited to the general authentication requirement of Federal Rule of Evidence 901. See e.g., Jack, 854 F. Supp. at 659. Other than the courts' general citations to this rule, this Court has been unable to find a case where a court has explained the rationale for the different treatment of translated affidavits versus depositions where an interpreter is used. The most reasonable explanation is that a more stringent requirement applies to affidavits because affidavits are generally ex parte. Thus, the opposing party typically does not have the opportunity to review the qualifications of the interpreter and to make an appropriate objection if it determines that the interpreter is unqualified. Conversely, both parties are present at a deposition and have the opportunity to determine whether the interpreter is qualified and to view the actual translation as it occurs. If an interpreter is determined by one party to be unqualified,

then that party can object. The risk that an unqualified interpreter will be used at a deposition is minimized by the presence of both parties.

Here, this Court must determine whether to impose upon Marin's statement the requirements for translated affidavits or the requirements for depositions through an interpreter. Under all the circumstances, the Court finds that Marin's statement should be subject to the requirements for translated affidavits. First, courts that have held that statements such as Marin's are appropriate summary judgment material have reached this conclusion because the statements are akin to affidavits. Second, Marin's statement was ex parte, and therefore, Defendants have not had an opportunity to review the interpreter's qualifications. Third, the interpreter for Marin's interrogation is an employee of Plaintiffs' counsel. This raises the concern that the interpreter had a motive to distort the translation in favor of Plaintiffs. See Cruz v. Aramark Servs., Inc., 213 Fed. App'x 329, 334 (5th Cir. 2007) (striking affidavit that was translated by plaintiffs' attorney because the attorney had a potential motive to distort the translation). For these reasons, the Court finds that Marin's statement should be subject to the standards for translated affidavits. Because his statement does not contain a certification that the translation was accurate, nor does it contain a statement of the interpreter's qualifications, Defendants' objection to the statement is sustained.

This Court's decision to strike Marin's statement will likely have a significant impact on its resolution of Defendants' Motion for Summary Judgment. In response

to many of Defendants' arguments in its Motion, Plaintiff relies primarily, if not solely, on Marin's sworn statement. This Court cannot say for certain at this stage, but ruling on Defendants' Motion without Marin's statement could result in the Court granting Defendants' Motion. In light of the fact that the law is far from clear on the requirements for translated sworn statements, the Court finds that the most appropriate course of action is to allow Plaintiffs to take Marin's deposition to cover <u>only</u> those matters covered in the sworn statement.[2] As a result, it is hereby ordered that no later than May 27, 2009, Plaintiffs shall take Marin's deposition. The deposition shall cover only those matters covered in the sworn statement. Plaintiffs shall use a certified interpreter that is not directly employed by Plaintiffs' counsel. Plaintiffs shall bear all the costs of taking the deposition, including the attorney's fees for Defendants' counsel. After the deposition is taken, Plaintiffs shall have ten (10) days to submit a two-page supplement of citations to the record. For each page of its Response where it cites to Marin's sworn statement, Plaintiffs shall provide new citations to the pages and line numbers from the transcript of Marin's forthcoming deposition.

 **SO ORDERED**, this the 13th day of May, 2009.

              <u>**s/Hugh Lawson**</u>
              **HUGH LAWSON, Judge**

dhc

---

[2]This Court is aware that Marin has already been deposed.