IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ARTURO MIRANDA, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. |
| : | 7:06-CV-92(HL) |
| SWEET DIXIE MELON COMPANY, et : | |
| al., : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Plaintiffs have filed a Motion for Reconsideration (Doc. 76) of the Court's May 13, 2009, Order (Doc. 75) striking the sworn statement of Juan Marin. Marin's statement was used by Plaintiffs in opposing summary judgment. Marin speaks little, if any, English, and his statement was taken with the assistance of an interpreter. The Court struck Marin's statement because it did not contain a certification that the translation was accurate, nor did it contain a statement of the interpreter's qualifications. Rather than rule on Defendants' pending Motion for Summary Judgment (Doc. 65) without Plaintiffs having the benefits of Marin's averments, the Court ordered that Plaintiffs take Marin's deposition no later than May 27, 2009, and that the deposition only cover the matters covered in Marin's sworn statement.

1

In moving for reconsideration, Plaintiffs advance what are essentially equitable arguments based on the facts. They do not cite a single case, statute, or rule in urging this Court to reverse its previous decision to strike the statement. Plaintiffs point to the fact that the interpreter, Mercedes Mendoza, was sworn by the court reporter prior to Marin's statement, and also argue that Defendants had knowledge of Marin's statement prior to his deposition and had the opportunity to examine him about the contents of the statement. Plaintiffs also contend that they are unable to locate Marin for his deposition. Thus, in the alternative, Plaintiffs request that they be allowed additional time to locate Marin.

In the May 13th Order, this Court expressly addressed the standards of admissibility at the summary judgment stage for translated affidavits versus depositions where a translator is used. For translated affidavits, the Court observed that the affidavit must be properly authenticated and shown to be an accurate translation by a qualified interpreter. For depositions, however, the Court observed that the only requirement seemed to be that the translator have been sworn. There was not a requirement that the translator certify the translation. In considering which standard to apply to Marin's sworn statement, the Court applied the standard for translated affidavits because Marin's statement was akin to an affidavit. Because the statement did not have the necessary certification, the Court struck his statement. The Court also noted that it was troubled by the fact that the translator was an employee of Plaintiffs' counsel's law office.

Plaintiff's Motion for Reconsideration does not provide a basis for the Court to reconsider its Order. This Court has already held that the translator's oath was insufficient to render Marin's statement admissible, and the Court finds no reason to reverse this ruling. The existence of Marin's statement prior to his deposition also does not provide a basis for reconsideration. If Plaintiffs wanted to use Marin's deposition testimony to oppose summary judgment, it could have done so, but it did not. It chose instead to rely solely on his sworn statement, and it did so at its own peril. It is not this Court's job to go through Marin's deposition line-by-line to determine which portions of his testimony are consistent with his testimony in his previous statement. It is the Plaintiffs burden to point to the specific facts in the record in opposing summary judgment, and the Court has no obligation to scour the record.

On the issue of Marin's unavailability, this fact provides no basis for "un-striking" his statement. Ex parte affidavits are generally inadmissible at trial as hearsay. Winskunas v. Birnbaum, 23 F.3d 1264, 1268 (7th Cir. 1994). Affidavits can be considered at the summary judgment stage based on the presumption that the statements therein are reducible to admissible form at trial. See id. (holding that evidence can be considered at the summary judgment if it is reducible to admissible form at trial). Affidavit testimony is typically converted to admissible form by having the affiant give oral testimony at trial. Id.

In this case, Plaintiffs difficulty procuring Marin's presence at the ordered

3

deposition does not support the admission of his statement at the summary judgment. If anything, it supports excluding his statement based on the expectation that Plaintiffs are unable to reduce his sworn statement to a form admissible at trial. If Plaintiffs cannot obtain his presence at a deposition, the Court has no reason to believe that it can procure his presence at trial. The Court need not decide at this stage whether it could refuse to consider his statement based on this reason, but the fact remains that Marin's presence will be required at some point, whether it be at the ordered deposition or at trial. Plaintiffs inability to locate Marin provides no basis for admitting a statement that this Court previously determined to be inadmissible at the summary judgment stage. Nevertheless, the Court does find that Plaintiffs have demonstrated good cause for extending the deadline for the deposition to allow them to locate Marin. The Court hereby orders that the previously ordered deposition deadline of May 27, 2009, be extended to July 1, 2009. Plaintiffs' Motion for Reconsideration is otherwise denied.

    **SO ORDERED**, this the 1st day of June, 2009.

                                              *s/   Hugh Lawson*
                                              **HUGH LAWSON, Judge**

dhc