IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ARTURO MIRANDA, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 7:06-CV-92(HL) |
| SWEET DIXIE MELON COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

# **ORDER**

Before the Court is Plaintiffs' Motion for Discovery (Doc. 84) and Amended Motion for Discovery (Doc. 86). For the following reasons, the Motions are granted in part and denied in part.

The Motions presently before the Court were filed in response to the Court's May 13, 2009, Order (Doc. 75) striking the sworn statement of Juan Marin. Marin's statement was used by Plaintiffs in opposing summary judgment. Marin speaks little, if any, English, and his statement was taken with the assistance of an interpreter. The Court struck the statement because it did not contain a certification that the translation was accurate, nor did it contain a statement of the interpreter's qualifications. Those problems were compounded by the fact that the interpreter was an employee of Plaintiffs' counsel.

1

When the Court decided to strike the sworn statement, it could have ruled on Defendants' Motion for Summary Judgment (Doc. 65) without consideration of Marin's testimony. This likely would have resulted in summary judgment being granted to Defendants. Out of fairness to the Plaintiffs, the Court decided to allow Plaintiffs another opportunity to utilize Marin's testimony to oppose summary judgment. The Court therefore ordered Plaintiffs to take Marin's deposition no later than May 27, 2009. (Doc. 75.) Plaintiffs were order to use a certified interpreter to translate the testimony.

Shortly after the Court entered the order striking Marin's statement, Plaintiffs filed a Motion for Reconsideration (Doc. 76). Without citing to any law, Plaintiffs argued that Marin's sworn statement was properly before the Court, and that they should not have to take his deposition. Plaintiffs also asserted that they were unable to locate Marin. As a result, in the event the Court continued to order that this deposition be taken, they requested that they be allowed additional time to secure his presence. On June 1, 2009, the Court entered an Order (Doc. 80) denying Plaintiffs request to consider Marin's sworn statement, but the Court extended the deposition deadline to July 1, 2009.

After denying the Motion for Reconsideration, Plaintiffs were apparently able to locate Marin. They served him with a subpoena that directed him to appear on June 30, 2009, at 1:00 p.m. in Tifton, Georgia at the office of Plaintiff's counsel, Stan Ballew. All parties, the interpreter, and court reporter were present at Ballew's office

on June 30th to take Marin's deposition. Marin, however, did not appear as ordered, so the parties canceled the deposition.

In the Motions for Discovery presently before the Court, Plaintiffs contend that Marin appeared for his deposition on July 1, 2009. They contend that Marin was mistaken about the date of the deposition. When Marin appeared July 1st, a certified interpreter, Robert Carpenter, was present. Carpenter has submitted an affidavit (Ex. 6, Pla.'s Am. Mot. for Disc.) in support of Plaintiffs' Motions. Carpenter avers that he read the original sworn statement to Marin in Spanish, and that Marin agreed that each answer in the sworn statement was accurate. Relying on Carpenter's affidavit, Plaintiffs contend that they have cured the defects with Marin's sworn statement. They, again, request that the Court deem the statement to be properly before the Court on summary judgment, and that they not have to take Marin's deposition. In the alternative, they request that they be allowed additional time to take his deposition.

It appears to the Court that Plaintiffs are doing everything they can to avoid taking Marin's deposition. The Court did not have to allow Plaintiffs the opportunity to cure the defects with his sworn statement, but out of fairness, the Court decided to allow Plaintiffs the opportunity and the Court specifically told Plaintiffs how to put Marin's testimony before the Court. Since that time, the Plaintiffs have resisted the Court's explicit directions. After their request for reconsideration was denied, Plaintiffs were able to locate Marin to serve him with a subpoena, despite their

contention that they could not find him. When he did not appear for his deposition, Plaintiffs did not contact the Court immediately for guidance on how to proceed. Rather, they waited two weeks to file the Motions presently before the Court, and they again request that they not have to take his deposition. At this juncture, the issue is not whether the Federal Rules of Civil Procedure deem Carpenter's affidavit to be an adequate means of admitting Marin's statement on summary judgment. The issue is whether Plaintiffs are in compliance with the Court's explicit orders, and they clearly are not. It has now been two months since the Court instructed them to take Marin's deposition, yet they continue to stubbornly request that they not have to do so.

The Court is not going to address this issue again. If Plaintiffs want the Court to consider Marin's testimony on summary judgment, they must take his deposition. The Court is willing to grant one final opportunity for Plaintiffs to accomplish this task. It is therefore ordered that Plaintiffs take Marin's deposition no later than August 14, 2009. This is the final extension that will be granted. The deposition shall cover only those matters covered in the sworn statement. Plaintiffs shall use a certified interpreter that is not directly employed by Plaintiffs' counsel. Plaintiffs shall bear all the costs of taking the deposition, including the attorney's fees for Defendants' counsel. After the deposition is taken, Plaintiffs shall have ten (10) days to submit a two page supplement of citations to the record. For each page of its Response (Doc. 68) where it cites to Marin's sworn statement, Plaintiffs shall provide

new citations to the pages and line numbers from the transcript of Marin's forthcoming deposition.

**SO ORDERED**, this the 21st day of July, 2009.

<u>**s/Hugh Lawson**</u>
**HUGH LAWSON, Judge**

dhc